IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA CORNELL<br>31 Crimson King Lane<br>Levittown, PA 19055 | : <br> : <br> :   CIVIL ACTION<br> : |
| Plaintiff, | :   No. _____<br> : |
| v. | :   **JURY TRIAL DEMANDED**<br> : |
| ENT & FACIAL PLASTIC SURGICAL<br>ASSOCIATES, LLP<br>d/b/a Premier E.N.T. Associates<br>400 Middletown Boulevard, Suite 100<br>Langhorne, PA 19047 | : <br> : <br> : <br> : <br> : |
| Defendant. | : |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.  This action has been initiated by Melissa Cornell (hereinafter referred to as "Plaintiff," unless indicated otherwise) against ENT & Facial Plastic Surgical Associates, LLP d/b/a Premier E.N.T. Associates (hereinafter referred to as "Defendant" unless indicated otherwise) for violations of the Americans with Disabilities Act ("ADA" - 42 U.S.C. §§ 12101 *et seq.*) and the Pennsylvania Human Relations Act ("PHRA" – 43 P.S. §§ 951 *et seq.*). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2.  This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a) (4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's

state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption. At all relevant times herein, Plaintiff was employed with Defendant.

7. Defendant is a business entity that owns and/or operates an Ear, Nose, and Throat medical practice at the above-captioned address.

8. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

9. Defendant is an employer pursuant to the ADA as it employees fifteen (15) or more employees.

2

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was hired by Defendant as a Receptionist on or about January 18, 2008.

12. Plaintiff worked for Defendant for over five years and performed her job in satisfactory matter.

13. During her employment, Plaintiff was diagnosed with Posttraumatic Stress Disorder ("PTSD").

14. Plaintiff's PTSD substantially limits her enjoyment of several life activities including but not limited to - at times - working, concentrating, communication, and other life activities.

15. In or about late September of 2014, Plaintiff's physician prescribed a four (4) week medical leave of absence to care for aforementioned psychological condition.

16. Plaintiff was scheduled to return to work on or about October 28, 2014.

17. On or about October 21, 2014, Plaintiff called Defendant's management to confirm that she was to return to work on or about October 28, 2014.

18. When Plaintiff called Defendant's management to discuss returning to work, Plaintiff explained that her leave of absence had been for PTSD.

19. When Plaintiff told Defendant's management that she had been on a leave of absence for PTSD, Defendant's management including but not limited to one Dr. Miller told Plaintiff that they "didn't care" what her health conditions were and told Plaintiff that there was no job position for her within Defendant, essentially terminating Plaintiff's employment.

20. Defendant now claims that Plaintiff voluntarily separated from employment although Plaintiff was unequivocally informed that there was no position for her within Defendant.

21. Plaintiff believes and therefore avers that she was terminated because of disabilities and/or in retaliation for requesting/utilizing medical accommodations.

## COUNT I
### Violations of the Americans with Disabilities Act ("ADA", as amended)
### ([1] Discrimination; [2] Failure to Accommodate; [3] Retaliation)

22. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

23. Plaintiff properly exhausted her administrative remedies before proceeding in this Court for violations of the ADA by timely filing a Charge with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant Complaint within 90 days of receiving a notice of case closure and/or right-to-sue letter.

24. Plaintiff was terminated from Defendant because of: (1) her known health conditions; (2) her perceived health conditions; and/or (3) due to her record of impairment.

25. Plaintiff was also terminated in retaliation for requesting medical accommodations from Defendant.

26. Plaintiff made clear requests for medical accommodations (time off from work) but was refused any interactive process from Defendant (or reasonable consideration of her requests).

27. Instead, Defendant's management terminated Plaintiff's employment before she was ever permitted to return from her medical leave.

28.     These actions as aforesaid constitute unlawful discrimination, retaliation, and failure to accommodate under the ADA.

## COUNT II
### Violations of the Pennsylvania Human Relations Act ("PHRA")
([1] Discrimination; [2] Failure to Accommodate; [3] Retaliation)

29.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30.     Plaintiff re-asserts and re-alleges each and every assertion as set forth in Count I of this Complaint, as such actions constitute identical violations of the Pennsylvania Human Relations Act.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B.      Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

                                                Respectfully submitted,

                                                **KARPF, KARPF & CERUTTI, P.C.**

                             By:        _____
                                                Ari R. Karpf, Esq.
                                                3331 Street Road
                                                Two Greenwood Square
                                                Suite 128
                                                Bensalem, PA 19020
                                                (215) 639-0801

Dated: April 25, 2016

6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Melissa Cornell | : | CIVIL ACTION |
| v. | : | |
| ENT & Facial Plastic Surgical Associates, LLP d/b/a Premier E.N.T. Associates | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.        ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (X)

| 4/28/2016 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 31 Crimson King Lane, Levittown, PA 19055

Address of Defendant: 400 Middletown Blvd, Suite 100, Langhorne, PA 19047

Place of Accident, Incident or Transaction: Defendant's place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 4/28/2016    _____    ARK2484
                    Attorney-at-Law    Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/28/2016    _____    ARK2484
                    Attorney-at-Law    Attorney I.D.# 91538

CIV. 609 (5/2012)

# CIVIL COVER SHEET

*JS 44 (Rev. 12/07, NJ 5/08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CORNELL, MELISSA

**(b)** County of Residence of First Listed Plaintiff: **Bucks**

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address):
Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS
ENT & FACIAL PLASTIC SURGICAL ASSOCIATES, LLP d/b/a PREMIER E.N.T. ASSOCIATES

County of Residence of First Listed Defendant: **Bucks**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known):

## II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

## IV. NATURE OF SUIT
[X] 445 Amer. w/Disabilities - Employment

## V. ORIGIN
[X] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing: Americans w/Disabilities Act "ADA" (42USC12101)
Brief description of cause: Violations of the ADA and the Pennsylvania Human Relations Act "PHRA"

## VII. REQUESTED IN COMPLAINT:
DEMAND $
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S)
JUDGE:    DOCKET NUMBER:

Explanation:

DATE: 4/28/2016

SIGNATURE OF ATTORNEY OF RECORD

[Print] [Save As...] [Export as PDF] [Retrieve PDF File] [Reset]